**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2805

_____

UNITED STATES OF AMERICA

v.

ARMANDO ENRIQUE DELGADO,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00003-004)
Chief District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2020

_____

Before:  CHAGARES, HARDIMAN, and MATEY, Circuit Judges

(Filed: September 14, 2020)

_____

OPINION[*]

_____

---

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Armando Delgado appeals from his judgment of conviction and sentence for sex trafficking and controlled substance offenses. For the following reasons, we will affirm.

I.

We write solely for the parties' benefit, so our summary of the facts is brief. In March 2015, a grand jury issued a seven-count superseding indictment against Delgado and five co-defendants, including Delgado's brother. The indictment was premised on the defendants' participation in a sex trafficking business, involving the transport of adult and minor victims across state lines, and their distribution of drugs to victims of the sex trafficking business. Specifically, the indictment charged Delgado with recruiting, enticing, and otherwise enabling a minor to cross interstate lines to engage in sex acts in violation of 18 U.S.C. §§ 1591(a) and 2 (Count One); transporting a person across interstate lines for the purpose of prostitution in violation of 18 U.S.C. §§ 2421(a) and 2 (Count Two); transporting a minor across interstate lines for the purpose of prostitution in violation of 18 U.S.C. §§ 2423(a) and 2 (Count Three); conspiracy to transport a person across interstate lines for the purpose of prostitution in violation of 18 U.S.C. § 371 (Count Four); conspiracy to transport a minor across interstate lines for the purpose of prostitution in violation of 18 U.S.C. § 2423(e) (Count Five); conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count Six); and distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count Seven). Delgado proceeded to a jury trial, which began on December 5, 2017. At the conclusion of the

2

Government's case, the Government voluntarily dismissed Count Three, and ultimately, the jury found Delgado guilty of all of the remaining counts.

Afterward, Delgado filed a motion for judgment of acquittal and a motion for a new trial. On Delgado's motion for judgment of acquittal, the District Court vacated Delgado's conviction on Count One, based on constructive amendment of the superseding indictment, and entered judgment of acquittal on Count Five, based on insufficiency of the evidence. The District Court denied Delgado's motion for a new trial in its entirety. Delgado received a sentence of time served and five years of supervised release.

The District Court entered Delgado's judgment of conviction and sentence on July 23, 2019. This timely appeal followed.[1]

## II.

## A.

We begin by addressing Delgado's appeal of his judgment of conviction. Delgado argues that the District Court erred when it denied his motion for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 permits a defendant to seek vacatur of a judgment and the grant of a new trial where "the interest of justice so requires." Fed. R. Crim. P. 33(a). Even when a district court "believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial only if it believes that there is a serious

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742(a).

danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." United States v. Silveus, 542 F.3d 993, 1004–05 (3d Cir. 2008) (quotation marks omitted). A district court's denial of a Rule 33 motion is reviewed for abuse of discretion. United States v. Salahuddin, 765 F.3d 329, 346 (3d Cir. 2014).

Delgado gives many reasons why he believes the District Court should have granted him a new trial in the interest of justice. We are not persuaded.

First, Delgado points out that two of his co-defendants pleaded guilty and testified against him, and he asserts that the jury might have considered the co-defendants' "admissions of guilt . . . as a reason to convict." Delgado Br. 17. The District Court, however, instructed the jury that it "must not consider [the co-defendants'] guilty pleas as evidence of . . . Delgado's guilt," Appendix ("App.") 1347, and Delgado concedes that the District Court "advised the jury appropriately," Delgado Br. 18. Because "[a] jury is presumed to follow its instructions," Weeks v. Angelone, 528 U.S. 225, 234 (2000), we conclude that District Court did not abuse its discretion in denying Delgado a new trial based on his co-defendants' testimony.

Second, Delgado asserts that at trial, his jailhouse confidant, Frank Simmons, gave "polluted" testimony, and that other witnesses provided "vague and inconsistent" testimony about Delgado's transport of women across state lines. Delgado Br. 23. But Delgado's arguments about the credibility of the witnesses against him were for the jury to decide. See Salahuddin, 765 F.3d at 347 (explaining that it is the "jury's responsibility to weigh [a witness's] credibility . . . , including . . . alleged inconsistencies"). The

4

"inconsistencies and credibility issues" that Delgado raises, thus, did not warrant a new trial. Id.

Third, Delgado argues that the Government, in its rebuttal at trial, improperly represented the testimony of one witness, RaeAnn Horne, by suggesting that her testimony about Delgado's transportation of her across state lines for prostitution was more equivocal than it actually was. We are not convinced. We agree with the District Court that there was "extensive record evidence" regarding another trip that Delgado made across state lines "for prostitution purposes." United States v. Delgado, 367 F. Supp. 3d 286, 300 (M.D. Pa. 2019). Thus, the purported misstatement about Horne's testimony was harmless and did not merit a new trial. See United States v. Brown, 765 F.3d 278, 296 (3d Cir. 2014). Accordingly, the District Court did not abuse its discretion in denying Delgado's motion for a new trial, and we will affirm Delgado's judgment of conviction.[2]

## B.

We next turn to Delgado's appeal of his sentence. Delgado argues that the District Court erred by requiring him, as a condition of his supervised release, to register as a sex

---

[2]     Delgado also posits that the Government obtained guilty verdicts on Counts One and Five, which concerned the sexual exploitation of minors, due to prejudicial spillover from evidence regarding Delgado's brother, who was dismissed from the case before the end of trial. However, Delgado no longer stands convicted of Counts One and Five. The District Court vacated Delgado's conviction on Count One, and on May 21, 2019, the Government filed a notice of its intent not to retry that count. As for Count Five, the District Court granted Delgado's motion for judgment of acquittal and barred retrial. Although Delgado presses other arguments that center around the effect of his brother's dismissal from the case, we have carefully considered those points, and none persuade us that the District Court erred.

offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et seq. In Delgado's view, his counts of conviction do not require such registration. We review a district court's decision to impose a condition of supervised release for abuse of discretion. United States v. Loy, 237 F.3d 251, 256 (3d Cir. 2001).

The District Court did not abuse its discretion because it did not commit the error that Delgado asserts. The Judgment and Commitment Order does not mandate that Delgado register as a sex offender under SORNA. Rather, it requires Delgado to comply with SORNA "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [he] reside[s], work[s], [is] a student, or [was] convicted of a qualifying offense." App. 6 (listing mandatory conditions of supervised release); accord App. 8 (providing additional supervised release terms). Similarly, at sentencing, the District Court described the parties' "consensus" about how the SORNA registration condition would operate: whether Delgado would be required to register under SORNA would be "a matter for probation to determine," and Delgado would "be apprised of any registration requirements when [he began reporting] to the probation office." App. 59, 60. We therefore conclude that the District Court did not err in the way that Delgado contends.[3] We will affirm Delgado's judgment of sentence.

---

[3]     The record does not indicate whether the Probation Office, Bureau of Prisons, or a state agency later required Delgado to register as a sex offender. If any such determination was made, Delgado does not challenge that determination in this appeal.

## III.

For the foregoing reasons, we will affirm Delgado's judgment of conviction and sentence.